COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-111-CR
 
 
MARTIN LEE PENDLEY                                                           APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
was indicted for the offense of felony driving while intoxicated. Appellant 
pleaded not guilty and was found guilty by a jury. Appellant pleaded true to the 
habitual offender paragraph contained in the indictment, and the court sentenced 
him to twenty-five years’ confinement. Appellant’s court-appointed appellate 
counsel has filed an Anders brief asserting that there are no grounds 
that could be argued successfully on appeal. Anders v. California, 386 
U.S. 738, 87 S. Ct. 1396 (1967). Appellant has filed a pro se brief.[2]  We grant appellate counsel’s motion to withdraw 
and affirm the trial court’s judgment.
II. Factual and 
Procedural Background
        The 
State called James Garcia, who testified that on May 13, 2002 at approximately 
1:00 a.m. he got off work from Blockbuster Video. As Garcia was driving to his 
home in Haltom City, he saw a pickup truck “jammed underneath” a flatbed 
wrecker, which was parked on the side of the road. He testified that the pickup 
lights were on and that he saw “exhaust smoke coming up through the 
taillights.” Garcia saw a man in the driver’s seat of the pickup and stopped 
to check on the accident and the man’s condition. Garcia testified that the 
driver was the only occupant in the vehicle[3] and 
that the driver had his seat belt on and his hands on the steering wheel when he 
first approached.  Garcia stuck his head into the driver’s side window 
and asked the driver if he was injured, but he could not understand his 
response.  Garcia stated that when he leaned into the truck, he could smell 
the odor of alcohol on the driver.  Garcia then left the scene and drove a 
short distance to his home, where he called 911 and reported the accident.  
He then returned to the accident scene, where he saw the driver outside the 
truck walking up the street.  Garcia described the driver as staggering 
from side to side as he walked.  Garcia spoke to the driver and described 
his speech as “a slur, kind of mumble.”  Garcia testified that he was 
of the opinion that the driver was intoxicated.  Garcia also stated that he 
was of the opinion that the accident had recently happened, although on 
cross-examination he stated he did not know how long the pickup truck had been 
at the location.
        Officer 
Dusty Williams of the Haltom City Police Department arrived at the accident and 
made contact with the driver, who was identified as Appellant, Martin Pendley.  
Officer Williams stated he had been dispatched to a recent accident and that it 
appeared fresh.  Officer Williams testified that Appellant was standing 
outside the driver’s side door when he arrived. When Officer Williams made 
contact with Appellant he immediately noticed the odor of alcohol about his 
person, and that he was unsteady, his eyes were watered, and his speech was 
slurred.  Appellant told Officer Williams that he had been driving the 
truck and that he did not see the parked wrecker.  Appellant stated he was 
on his way home from a dart throwing tournament and that he had consumed six to 
eight beers.  The truck was registered in Appellant’s name.
        Officer 
Williams decided to further evaluate Appellant to determine his level of 
intoxication.  Officer Williams first had Appellant perform the nose-touch 
test after explaining and demonstrating it to Appellant. Officer Williams 
explained that Appellant, when attempting the nose-touch, “would miss slightly 
on touching his index finger to the tip of his nose either by touching lower 
beneath his eye or the bridge of his nose.” Officer Williams then asked 
Appellant to perform the walk-and-turn test after he explained and demonstrated 
it to Appellant. Appellant began the test but complained that he had bad feet 
and could not complete the walk-and-turn test. Officer Williams then explained 
and demonstrated the one-leg-stand test and asked Appellant to perform it. 
Appellant performed the test, and Officer Williams testified that Appellant lost 
his balance, stopped counting, and put his foot down. Appellant was given the 
option of performing the test with either leg, but could still not perform it. 
After conducting the field sobriety tests, Officer Williams was of the opinion 
that Appellant was intoxicated, at which time he placed Appellant under arrest. 
Appellant refused to provide a breath specimen.
        The 
State also called Officer Adam Whitley to testify regarding his observations 
that night at the accident scene. Officer Whitley testified that upon his 
arrival he saw Officer Williams speaking with Appellant. Officer Whitley also 
testified that it appeared that the accident had recently occurred, as there was 
glass in the roadway. Officer Whitley was with Officer Williams when he asked 
Appellant how the accident occurred and heard Appellant state that he had been 
driving home from a dart throwing tournament and he didn’t see the wreck. 
Officer Whitley also heard Appellant state that he had consumed six to eight 
beers. Officer Whitley observed that Appellant’s speech was slurred, his 
balance and walk were swayed and unsteady, and he smelled of alcohol. After 
observing Appellant’s performance on the field sobriety tests, he was also of 
the opinion that Appellant was intoxicated.
        Corporal 
James Haley was next called to testify for the State. He stated that he arrived 
at the accident scene to check the welfare of his officers and upon arrival 
observed Officer Williams administering the one-leg-stand test to Appellant. 
From his observation, Corporal Haley was also of the opinion that Appellant was 
intoxicated. Corporal Haley also testified that he believed the accident was 
recent because he “could still hear [the] vehicle ticking like it was cooling 
down.”
        The 
State introduced into evidence the videotapes from Officer Williams’s patrol 
unit and the DWI interview room. Appellant objected on the basis that a proper 
foundation had not been laid, which the court overruled. The videotapes were 
admitted into evidence as State’s Exhibits 7 and 8 and played to the jury. 
Portions of State’s Exhibit 8 were fast forwarded twice while being shown to 
the jury, but there is no indication in the record as to what portions were fast 
forwarded, nor did Appellant object to the tape being fast forwarded. The State 
and Appellant had agreed before trial began to redact certain portions of one of 
the videotapes, but it is unclear from the record which tape contained the 
redacted portions. The record indicates that the State agreed “to mute from 
23230 to 23234 where he indicates he’s been to the pen and from 23407 through 
23418 where he communicated he’d been (Inaudible) route before.” The defense 
also objected before trial to other portions of one of the videotapes, which 
concerned comments made during the officers’ investigation of the accident. 
Appellant objected to questions relating to whether Appellant had driven, how 
much he had to drink, when he said he could not perform the field sobriety test 
when he wasn’t drinking, and when he said he had to “report tomorrow.” The 
trial court overruled Appellant’s objections to these additional statements, 
but granted Appellant’s running objection to these statements. Additionally, 
the State agreed to turn the videotape off at the point Appellant was read his Miranda 
warnings in the DWI interview room.
        After 
considering all the evidence, the jury returned a guilty verdict. After being 
found guilty, Appellant pleaded true to the habitual offender paragraph in the 
indictment. The judge then sentenced Appellant to twenty-five years’ 
confinement.
III. The Anders 
Brief
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California by presenting a 
professional evaluation of the record demonstrating why there are no arguable 
grounds for relief. 386 U.S. at 744, 87 S. Ct. at 1400. Additionally, Appellant 
has filed a pro se brief on his own behalf.
        Once 
Appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and to essentially rebrief the case for Appellant to see if there is any 
arguable ground that may be raised on Appellant’s behalf. See Stafford v. 
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
IV. Independent 
Review
A. Pretrial
        Our 
review of the record reveals no jurisdictional defects. The trial court had 
jurisdiction over the case. See Tex. 
Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004-05). Further, the 
indictment conferred jurisdiction on the trial court and provided Appellant with 
sufficient notice. See Tex. Const. 
art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997).
B. Guilt-Innocence Phase
        In 
his first potential issue, appellate counsel challenges the legal and factual 
sufficiency of the evidence to prove Appellant was operating a motor vehicle 
while intoxicated. Specifically, he challenges the evidence to prove (1) the 
corpus delicti of the offense of driving while intoxicated, (2) that Appellant 
operated a motor vehicle, and (3) that Appellant was intoxicated while operating 
the vehicle. Appellant, in his pro se brief, also appears to challenge the 
sufficiency of the evidence.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to 
weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When 
performing a legal sufficiency review, we may not sit as a thirteenth juror, 
re-evaluating the weight and credibility of the evidence and, thus, substituting 
our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt. Id. at 484. There are two ways 
evidence may be factually insufficient: (1) the evidence supporting the verdict 
or judgment, considered by itself, is too weak to support the finding of guilt 
beyond a reasonable doubt; or (2) when there is evidence both supporting and 
contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt. Id. at 484-85. “This standard acknowledges that evidence of 
guilt can ‘preponderate’ in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt.” Id. at 485. 
In other words, evidence supporting a guilty finding can outweigh the contrary 
proof but still be insufficient to prove the elements of an offense beyond a 
reasonable doubt. Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment for that of 
the fact finder’s. Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at 484, 486-87. An opinion addressing factual sufficiency must include a 
discussion of the most important and relevant evidence that supports the 
Appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003).
        To 
establish the offense of driving while intoxicated, the State must prove that 
Appellant was intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04 (Vernon 
2003). The State may not establish the corpus delicti of the offense of driving 
while intoxicated solely by defendant’s extrajudicial admission. Threet v. 
State, 157 Tex. Crim. 497, 250 S.W.2d 200, 200 (1952); Turner v. State, 
877 S.W.2d 513, 515 (Tex. App.—Fort Worth 1994, no pet.). However, proof of 
the corpus delicti does not need to be made independently of the extrajudicial 
admission. Turner, 877 S.W.2d at 515. If there is some evidence 
corroborating the admission, the admission may be used to aid in the 
establishment of the corpus delicti. Id. The corroborating evidence is 
sufficient if it permits a rational finding of guilt, beyond a reasonable doubt, 
when joined with the extrajudicial admission. Id.
        The 
evidence in the present case showed that Appellant’s pickup truck was 
“jammed underneath” a parked wrecker and Appellant was the only one in the 
pickup truck. The witness testified that the pickup was running, Appellant’s 
seatbelt was on, and his hands were on the steering wheel. Appellant admitted to 
Officer Williams that he had been driving and that he did not see the wrecker. 
Appellant further admitted that he had consumed six to eight beers. After 
conducting his investigation, Officer Williams concluded that Appellant was 
intoxicated and arrested him for driving while intoxicated.
        After 
considering all the evidence introduced at trial in the light most favorable to 
the verdict, we hold that there was sufficient evidence for the jury to find the 
essential elements of the crime beyond a reasonable doubt. We further hold that 
the evidence, when viewed in a neutral light, was sufficient to allow the jury 
to find guilt beyond a reasonable doubt. Thus, we hold that the evidence was 
both legally and factually sufficient.
        In 
a related issue, Appellant argues in his pro se brief that at best he should 
have been arrested for public intoxication, as there was insufficient evidence 
for his warrantless arrest for driving while intoxicated. Appellant wrote two 
letters to the trial court arguing his point that no one saw him driving at the 
time of the accident and requesting that the charge be dismissed or dropped to 
public intoxication. However, Appellant failed to properly present a motion to 
the trial court challenging the probable cause to arrest him. Therefore, 
Appellant has waived this issue. See Hodge v. State, 756 S.W.2d 353, 355 
(Tex. App.—Dallas 1988, no pet.) (holding that defendant who failed to request 
or obtain hearing on complaint of illegal arrest waived error on appeal).
        Appellate 
counsel raises two potential issues regarding the videotape evidence used during 
the trial. The potential issues concern the admissibility of certain statements 
made by Appellant on one of the videotapes and the admission of the videotapes 
themselves into evidence.
        First, 
appellate counsel challenges the admissibility of certain statements made by 
Appellant at the scene of the accident. During the investigation of the 
accident, in response to Officer Williams’s questions, Appellant stated on 
video that he had driven and that he had consumed six to eight beers. Appellant 
also stated on video that he could not perform the field sobriety tests sober 
and that he had to “report” tomorrow, which appellate counsel stated is a 
reference to reporting to his parole officer. Appellant requested, outside the 
presence of the jury, that these statements be redacted from the videotape 
because they were made before Appellant received his Miranda warnings. 
The State argued the statements were admissible because they were the result of 
a noncustodial investigation. The trial court overruled Appellant’s objection, 
but granted Appellant’s “running” objection to these statements.
        Appellant 
has waived any error as to his statements that he had driven, that he had 
consumed six to eight beers, and that he could not perform the field sobriety 
tests sober. Although Appellant obtained a “running” objection to his own 
statements on the videotape, he failed to object when Officer Williams testified 
to these same statements. Since Appellant’s “running” objection was only 
to the use of his own words on the videotape and did not encompass the testimony 
of other witnesses as to these statements, Appellant has failed to preserve 
error as to the admission of these statements. See Goodman v. State, 701 
S.W.2d 850, 863 (Tex. Crim. App. 1985), overruled on other grounds by, 
Hernandez v. State, 757 S.W.2d 744, 751-52 n.15 (Tex. Crim. App. 1988) 
(finding no case law that supports the proposition that a “running” 
objection will preserve error on a matter referred to by any witness at any time 
during a competency hearing or trial); Scaggs v. State, 18 S.W.3d 277, 
292 (Tex. App.—Austin 2000, pet. ref’d) (holding that a “running” 
objection, when requested by defense counsel and granted by the trial court, 
does not preserve error when another witness testifies to the same matter 
without objection).
        Error 
has been preserved in regards to Appellant’s statement that he had to 
“report” tomorrow; however, the trial court did not err in overruling 
Appellant’s objection. Officer Williams was dispatched to an accident scene 
and asked Appellant questions relevant to his accident investigation. Appellant 
was not the subject of a custodial interrogation and therefore Miranda 
warnings were not necessary. See Berkemer v. McCarty, 468 U.S. 420, 440, 
104 S. Ct. 3138, 3150 (1984) (holding that a person subjected to custodial 
interrogation is entitled to the procedural safeguards of Miranda, but 
also holding that a traffic stop does not constitute custody for Miranda 
purposes); State v. Stevenson, 958 S.W.2d 824, 829 (Tex. Crim. App. 1997) 
(concluding that even if driver involved in accident had become focus of DWI 
investigation, that fact alone would not give rise to custody); Lewis v. 
State, 72 S.W.3d 704, 712 (Tex. App.—Fort Worth 2002, pet. ref’d) 
(holding that driver’s statement that he had consumed “about five beers” 
to officer investigating accident was admissible because driver was not in 
custody). Since Appellant was not in custody for Miranda purposes when he 
made this statement to Officer Williams, the trial court did not abuse its 
discretion in overruling Appellant’s request that the statement be redacted 
from the videotape. Thus, appellate counsel’s potential issue regarding the 
admissibility of the statement is overruled.
        Second, 
appellate counsel complains that the videotapes were admitted into evidence over 
trial counsel’s objection that the proper foundation had not been laid. The 
videotapes were admitted through the testimony of Officer Williams, who was 
present when the videotapes were made and was a witness to the events depicted 
on the videotapes. Officer Williams testified that the videotapes were a true 
and accurate copy of what occurred on the day of the offense, that they were the 
same videos that were made that day, and that there had not been any changes or 
deletions made from the videos. When the State asked that the videotapes be 
admitted for the record, Appellant objected “that the proper foundation has 
not been laid for this.” Appellate counsel argues this was an objection to a 
lack of proper predicate regarding authentication; however this was not 
specified in the objection in the trial court. An objection to the admission of 
evidence must be reasonably specific so as to apprise the court of its legal 
basis. Tex. R. App. P. 33.1(a). A 
mere predicate objection, without more, is insufficient to preserve error. Cartwright 
v. State, 807 S.W.2d 654, 656 (Tex. App.—Beaumont 1991), aff’d, 
833 S.W.2d 134 (Tex. Crim. App. 1992). Furthermore, Appellant did not specify to 
the trial court how the predicate was deficient. See Bird v. State, 692 
S.W.2d 65, 70 (Tex. Crim. App. 1985) (holding that counsel must inform the court 
just how the predicate is deficient). Appellant’s objection was too general to 
apprise the trial court of his specific complaint. Therefore, appellate 
counsel’s potential issue is overruled.
        In 
his next potential issue, appellate counsel complains of the trial court’s 
sustaining the State’s objection to the impeachment of its witness, James 
Garcia. Appellant sought permission to impeach Garcia on convictions for a prior 
theft from 1987, a prior DWI from 1990, and a failure to identify in 1990. 
Appellant did alert the court that the witness had received deferred 
adjudication for the theft, which had been completed. The State objected on the 
basis that the convictions were more than ten years old, they were more 
prejudicial than probative, and they were not crimes of moral turpitude. Since 
the witness had completed deferred adjudication for the theft, it is not a 
conviction for purposes of impeachment. See Tex. R. Evid. 609(a); Jones v. State, 
843 S.W.2d 487, 496 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 1035 
(1993). Because the other convictions were more than ten years old, the trial 
court did not abuse its discretion in sustaining the State’s objection. See 
Tex. R. Evid. 609(b). Appellate 
counsel’s potential issue is overruled.
        Appellate 
counsel’s next potential issue complains that the record of Appellant’s 
truck registration was improperly admitted into evidence over his hearsay 
objection. The State offered into evidence a copy of the vehicle registration of 
Appellant’s truck from the Texas Department of Transportation. The trial court 
overruled Appellant’s hearsay objection.
        Rule 
803(8) provides an exception to hearsay for records of public offices or 
agencies, which set forth “the activities of the office or agency.” Tex. R. Evid. 803(8)(A). Because this 
registration was from a public agency charged with the duty of maintaining 
vehicle registration records, the trial court did not abuse its discretion in 
admitting the record into evidence over Appellant’s hearsay objection. Thus, 
appellate counsel’s potential issue is overruled.
        Appellate 
counsel’s final potential issue involves a statement made during trial by 
Corporal Haley. Corporal Haley testified that before Appellant was arrested, 
Officer Williams spoke with him about the situation. Corporal Haley asked 
Officer Williams if he “could place [Appellant] behind the wheel.” The State 
then inquired, “And by placing behind the wheel, do you mean by admission or 
if there’s an accident, or what do you mean?” Appellant objected that this 
called for speculation, but was overruled. Because it is clear from the record 
that the State was asking Corporal Haley to clarify what he meant by the 
statement he had just made, he was not being called to speculate. This complaint 
is without merit. Appellate counsel’s potential issue is overruled.
C. Punishment
        At 
the punishment hearing, Appellant pleaded true to the habitual offender notice 
paragraph in the indictment. The trial judge accepted the plea of true and found 
that the allegations in the habitual offender notice paragraph included two 
prior offenses for DWI. Appellant did not put on any evidence at punishment. The 
trial judge sentenced Appellant to twenty-five years’ confinement, which was 
within the permissible statutory range. See Tex. Penal Code Ann. §§ 12.42(d), 
49.09(b)(2) (Vernon Supp. 2004-05). Our review of the record reveals no 
reversible error from the punishment phase.
V. The Pro Se 
Brief
        In 
his pro se brief Appellant complains in two issues that he was denied effective 
assistance of counsel both at trial and on appeal. We apply a two-pronged test 
to ineffective assistance of counsel claims. Strickland v. Washington, 
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 
S.W.3d 808, 812 (Tex. Crim. App. 1999). First, Appellant must show that his 
counsel's performance was deficient; second, Appellant must show the deficient 
performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. 
Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 
1999).
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under 
all the circumstances and prevailing professional norms at the time of the 
alleged error. Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. 
“[C]ounsel is strongly presumed to have rendered adequate assistance and made 
all significant decisions in the exercise of reasonable professional 
judgment.” Id. at 690, 104 S. Ct. at 2066. An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d 
at 814. Our scrutiny of counsel's performance must be highly deferential, and 
every effort must be made to eliminate the distorting effects of hindsight. Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.
        The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial, i.e., a trial whose 
result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words, 
Appellant must show there is a reasonable probability that, but for counsel's 
unprofessional errors, the result of the proceeding would have been different. Id. 
at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient 
to undermine confidence in the outcome. Id. The ultimate focus of our 
inquiry must be on the fundamental fairness of the proceeding whose result is 
being challenged. Id. at 697, 104 S. Ct. at 2070.
        Appellant’s 
complaints regarding ineffective assistance of trial counsel are based on what 
his trial counsel allegedly failed to do. In one instance, Appellant complains 
that his trial counsel failed to object during voir dire to the mention of 
Appellant’s two prior convictions. The prosecutor, in discussing the elements 
of felony DWI, stated that the State was required to prove two prior convictions 
in order to confer jurisdiction on the trial court. Because the prior 
convictions are jurisdictional elements that must be proven to obtain a 
conviction for the offense of felony DWI, they were the legitimate subject of 
voir dire. See Hollen v. State, 117 S.W.3d 798, 801-02 (Tex. Crim. App. 
2003). Thus, Appellant’s counsel was not ineffective for failing to object.
        In 
regards to Appellant’s other complaints, he did not file a motion for new 
trial on the basis of ineffective assistance of counsel, which would have 
afforded the trial court the opportunity to conduct a hearing as to these 
alleged failures. As such, the record is not sufficiently developed to allow us 
to do more than speculate as to the strategies of Appellant’s trial counsel. See 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Thus, we 
cannot determine on this appeal whether Appellant was denied effective 
assistance of counsel. See Foster v. State, No. 07-03-0377-CR, 2004 WL 
1987351, at *2 (Tex. App.—Amarillo, Aug. 30, 2004, no pet.) (holding that in 
the absence of direct evidence in the record of counsel’s reasons for the 
challenged conduct, an appellate court will assume a strategic motivation if any 
can be imagined). Appellant has a more appropriate remedy in seeking a writ of 
habeas corpus to allow him the opportunity to develop evidence to support his 
complaints. Thus, Appellant’s complaint that he was denied effective 
assistance of trial counsel is overruled.
        Appellant 
also complains that he was denied effective assistance of appellate counsel. 
Appellant’s complaints seem to be directed at his appellate counsel’s Anders 
brief. Appellant complains that his appellate counsel has taken an adversarial 
position to him and also that he failed to assert ineffective assistance of 
trial counsel in the Anders brief.
        Although 
Appellant has a right to counsel, his right does not include the right to have 
an attorney urge frivolous or unmeritorious claims. Penson v. Ohio, 488 
U.S. 75, 83-84, 109 S. Ct. 346, 351-52 (1988). Appellate counsel has provided a 
professional evaluation of the record and has demonstrated why there are no 
arguable grounds to be advanced. Currie v. State, 516 S.W.2d 684, 684 
(Tex. Crim. App. 1974). Appellate counsel has also certified that he has 
provided Appellant with a copy of the Anders brief, his Motion to 
Withdraw, and has informed Appellant of his right to file a pro se brief and to 
obtain a copy of the record. See Sowels v. State, 45 S.W.3d 690, 
693 (Tex. App.—Waco 2001, no pet.) (describing the three “educational” 
burdens counsel must meet to render effective assistance of counsel). 
Additionally, we held that Appellant’s contention that he was denied effective 
assistance of trial counsel is not developed by the record. Therefore, it was 
not a meritorious claim to be pursued on direct appeal. See Mallett v. State, 
65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (holding that in the majority of cases, 
the record on direct appeal is undeveloped and cannot adequately reflect the 
motives behind trial counsel's actions). Thus, we hold that Appellant has been 
afforded effective assistance of appellate counsel. Accordingly, Appellant’s 
complaints that he was denied effective assistance of appellate counsel are 
overruled.
VI. Conclusion
        Our 
independent review of the record compels us to agree with counsel’s 
determination that any appeal in this case would be frivolous. Therefore, we 
grant counsel’s motion to withdraw on appeal. Furthermore, we overrule 
Appellant’s issues, as well as the five objections attached to his reply 
brief, and affirm the trial court’s judgment.
 
  
                                                                  ANNE 
GARDNER
                                                                  JUSTICE
 
  
PANEL B:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 24, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  
Appellant has also filed a motion seeking a copy of State’s Exhibits 7 and 8, 
which consist of the videotape evidence, for the “purpose of fairness of this 
appeal.”  We have viewed the videotapes and conclude that they do not 
include anything that would aid Appellant in his appeal.  Appellant’s 
complaints based on objections to the videotapes made at trial are addressed in 
this opinion.  Therefore, we deny Appellant’s motion.
3.  
Although Garcia testified that there was no one else around the pickup truck, 
Appellant would like us to construe one line of testimony as evidence that 
someone else was in the pickup truck with him.  Specifically, to the 
question, “Was there anyone else in the truck besides the defendant?”  
Garcia replied, “Just one person.”  We cannot accept Appellant’s 
argument that this single statement “raises the spector [sic] of another 
possible driver.”  It is clear to us that Garcia was stating that there 
was only one person in the pickup truck.  Further, there was no evidence 
raised at any point that there was anyone besides Appellant in the pickup 
truck.  We therefore reject Appellant’s argument.