PENDLEY V. STATE

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-111-CR

MARTIN LEE PENDLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. 
Introduction

Appellant was indicted for the offense of felony driving while intoxicated.  Appellant pleaded not guilty and was found guilty by a jury.  Appellant pleaded true to the habitual offender paragraph contained in the indictment, and the court sentenced him to twenty-five years’ confinement.  Appellant’s court-appointed appellate counsel has filed an 
Anders
 brief asserting that there are no grounds that could be argued successfully on appeal.  
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Appellant has filed a pro se brief.
(footnote: 2)  We grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

II. 
Factual and Procedural Background

The State called James Garcia, who testified that on May 13, 2002 at approximately 1:00 a.m. he  got off work from Blockbuster Video.  As Garcia was driving to his home in Haltom City, he saw a pickup truck “jammed underneath” a flatbed wrecker, which was parked on the side of the road.  He testified that the pickup lights were on and that he saw “exhaust smoke coming up through the taillights.”  Garcia saw a man in the driver’s seat of the pickup and stopped to check on the accident and the man’s condition.  Garcia testified that the driver was the only occupant in the vehicle
(footnote: 3) and that the driver had his seat belt on and his hands on the steering wheel when he first approached.  Garcia stuck his head into the driver’s side window and asked the driver if he was injured, but he could not understand his response.  Garcia stated that when he leaned into the truck, he could smell the odor of alcohol on the driver.  Garcia then left the scene and drove a short distance to his home, where he called 911 and reported the accident.  He then returned to the accident scene, where he saw the driver outside the truck walking up the street.  Garcia described the driver as staggering from side to side as he walked.  Garcia spoke to the driver and described his speech as  “a slur, kind of mumble.”  Garcia testified that he was of the opinion that the driver was intoxicated.  Garcia also stated that he was of the opinion that the accident had recently happened, although on cross-examination he stated he did not know how long the pickup truck had been at the location.

Officer Dusty Williams of the Haltom City Police Department arrived at the accident and made contact with the driver, who was identified as Appellant, Martin Pendley.  Officer Williams stated he had been dispatched to a recent accident and that it appeared fresh.  Officer Williams testified that Appellant was standing outside the driver’s side door when he arrived.  When Officer Williams made contact with Appellant he immediately noticed the odor of alcohol about his person, and that he was unsteady, his eyes were watered, and his speech was slurred.  Appellant told Officer Williams that he had been driving the truck and that he did not see the parked wrecker.  Appellant stated he was on his way home from a dart throwing tournament and that he had consumed six to eight beers.  The truck was registered in Appellant’s name. 

Officer Williams decided to further evaluate Appellant to determine his level of intoxication.  Officer Williams first had Appellant perform the nose-touch test after explaining and demonstrating it to Appellant.  Officer Williams explained that Appellant, when attempting the nose-touch, “would miss slightly on touching his index finger to the tip of his nose either by touching lower beneath his eye or the bridge of his nose.”  Officer Williams then asked Appellant to perform the walk-and-turn test after he explained and demonstrated it to Appellant.  Appellant began the test but complained that he had bad feet and could not complete the walk-and-turn test.  Officer Williams then explained and demonstrated the one-leg-stand test and asked Appellant to perform it.  Appellant performed the test, and Officer Williams testified that Appellant lost his balance, stopped counting, and put his foot down.  Appellant was given the option of performing the test with either leg, but could still not perform it.  After conducting the field sobriety tests, Officer Williams was of the opinion that Appellant was intoxicated, at which time he placed Appellant under arrest.  Appellant refused to provide a breath specimen.

The State also called Officer Adam Whitley to testify regarding his observations that night at the accident scene.  Officer Whitley testified that upon his arrival he saw Officer Williams speaking with Appellant.  Officer Whitley also testified that it appeared that the accident had recently occurred, as there was glass in the roadway.  Officer Whitley was with Officer Williams when he asked Appellant how the accident occurred and heard Appellant state that he had been driving home from a dart throwing tournament and he didn’t see the wreck.  Officer Whitley also heard Appellant state that he had consumed six to eight beers.  Officer Whitley observed that Appellant’s speech was slurred, his balance and walk were swayed and unsteady, and he smelled of alcohol.  After observing Appellant’s performance on the field sobriety tests, he was also of the opinion that Appellant was intoxicated.

Corporal James Haley was next called to testify for the State.  He stated that he arrived at the accident scene to check the welfare of his officers and upon arrival observed Officer Williams administering the one-leg-stand test to Appellant.  From his observation, Corporal Haley was also of the opinion that Appellant was intoxicated.  Corporal Haley also testified that he believed the accident was recent because he “could still hear [the] vehicle ticking like it was cooling down.”

The State introduced into evidence the videotapes from Officer Williams’s patrol unit and the DWI interview room.  Appellant objected on the basis that a proper foundation had not been laid, which the court overruled.  The videotapes were admitted into evidence as State’s Exhibits 7 and 8 and played to the jury.  Portions of State’s Exhibit 8 were fast forwarded twice while being shown to the jury, but there is no indication in the record as to what portions were fast forwarded, nor did Appellant object to the tape being fast forwarded.  The State and Appellant had agreed before trial began to redact certain portions of one of the videotapes, but it is unclear from the record which tape contained the redacted portions.  The record indicates that the State agreed “to mute from 23230 to 23234 where he indicates he’s been to the pen and from 23407 through 23418 where he communicated he’d been (Inaudible) route before.”   The defense also objected before trial to other portions of one of the videotapes, which concerned comments made during the officers’ investigation of the accident.  Appellant objected to questions relating to whether Appellant had driven, how much he had to drink, when he said he could not perform the field sobriety test when he wasn’t drinking, and when he said he had to “report tomorrow.”  The trial court overruled Appellant’s objections to these additional statements, but granted Appellant’s running objection to these statements.  Additionally, the State agreed to turn the videotape off at the point Appellant was read his 
Miranda
 warnings in the DWI interview room.

After considering all the evidence, the jury returned a guilty verdict.  After being found guilty, Appellant pleaded true to the habitual offender paragraph in the indictment.  The judge then sentenced Appellant to twenty-five years’ confinement.

III. 
The 
Anders
 Brief

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. at 744, 87 S. Ct. at 1400.  Additionally, Appellant has filed a pro se brief on his own behalf.

Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on Appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

IV. 
Independent Review

A. Pretrial

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004-05).  Further, the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

B. Guilt-Innocence Phase

In his first potential issue, appellate counsel challenges the legal and factual sufficiency of the evidence to prove Appellant was operating a motor vehicle while intoxicated.  Specifically, he challenges the evidence to prove (1) the corpus delicti of the offense of driving while intoxicated, (2) that Appellant operated a motor vehicle, and (3) that Appellant was intoxicated while operating the vehicle.  Appellant, in his pro se brief, also appears to challenge the sufficiency of the evidence.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
.
 at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the Appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

To establish the offense of driving while intoxicated, the State must prove that Appellant was intoxicated while operating a motor vehicle in a public place.  
Tex. Penal Code Ann.
 § 49.04 (Vernon 2003).  The State may not establish the corpus delicti of the offense of driving while intoxicated solely by defendant’s extrajudicial admission.  
Threet v. State
, 157 Tex. Crim. 497, 250 S.W.2d 200, 200 (1952); 
Turner v. State
, 877 S.W.2d 513, 515 (Tex. App.—Fort Worth 1994, no pet.).  However, proof of the corpus delicti does not need to be made independently of the extrajudicial admission.  
Turner
, 877 S.W.2d at 515.  If there is some evidence corroborating the admission, the admission may be used to aid in the establishment of the corpus delicti.  
Id
.  The corroborating evidence is sufficient if it permits a rational finding of guilt, beyond a reasonable doubt, when joined with the extrajudicial admission.  
Id
.  

The evidence in the present case showed that Appellant’s pickup truck was “jammed underneath” a parked wrecker and Appellant was the only one in the pickup truck.  The witness testified that the pickup was running, Appellant’s seatbelt was on, and his hands were on the steering wheel. Appellant admitted to Officer Williams that he had been driving and that he did not see the wrecker.  Appellant further admitted that he had consumed six to eight beers.  After conducting his investigation, Officer Williams concluded that Appellant was intoxicated and arrested him for driving while intoxicated.

After considering all the evidence introduced at trial in the light most favorable to the verdict, we hold that there was sufficient evidence for the jury to find the essential elements of the crime beyond a reasonable doubt.  We further hold that the evidence, when viewed in a neutral light, was sufficient  to allow the jury to find guilt beyond a reasonable doubt.  Thus, we hold that the evidence was both legally and factually sufficient.

In a related issue, Appellant argues in his pro se brief that at best he should have been arrested for public intoxication, as there was insufficient evidence for his warrantless arrest for driving while intoxicated.  Appellant wrote two letters to the trial court arguing his point that no one saw him driving at the time of the accident and requesting that the charge be dismissed or dropped to public intoxication.  However, Appellant failed to properly present a motion to the trial court challenging the probable cause to arrest him.  Therefore, Appellant has waived this issue.  
See Hodge v. State
, 756 S.W.2d 353, 355 (Tex. App.—Dallas 1988, no pet.) (holding that defendant who failed to request or obtain hearing on complaint of illegal arrest waived error on appeal).

Appellate counsel raises two potential issues regarding the videotape evidence used during the trial.  The potential issues concern the admissibility of certain statements made by Appellant on one of the videotapes and the admission of the videotapes themselves into evidence.

First, appellate counsel challenges the admissibility of certain statements made by Appellant at the scene of the accident.  During the investigation of the accident, in response to Officer Williams’s questions, Appellant stated on video that he had driven and that he had consumed six to eight beers.  Appellant also stated on video that he could not perform the field sobriety tests sober and that he had to “report” tomorrow, which appellate counsel stated is a reference to reporting to his parole officer.  Appellant requested, outside the presence of the jury, that these statements be redacted from the videotape because they were made before Appellant received his 
Miranda
 warnings.  The State argued the statements were admissible because they were the result of a noncustodial investigation.  The trial court overruled Appellant’s objection, but granted Appellant’s “running” objection to these statements.

Appellant has waived any error as to his statements that he had driven, that he had consumed six to eight beers, and that he could not perform the field sobriety tests sober.  Although Appellant obtained a “running” objection to his own statements on the videotape, he failed to object when Officer Williams testified to these same statements.  Since Appellant’s “running” objection was only to the use of his own words on the videotape and did not encompass the testimony of other witnesses as to these statements, Appellant has failed to preserve error as to the admission of these statements.  
See Goodman v. State
, 701 S.W.2d 850, 863 (Tex. Crim. App. 1985),
 overruled on other grounds by, Hernandez v. State
, 757 S.W.2d 744, 751-52 n.15 (Tex. Crim. App. 1988) (finding no case law that supports the proposition that a “running” objection will preserve error on a matter referred to by any witness at any time during a competency hearing or trial);  
Scaggs v. State
, 18 S.W.3d 277, 292 (Tex. App.—Austin 2000, pet. ref’d) (holding that a “running” objection, when requested by defense counsel and granted by the trial court, does not preserve error when another witness testifies to the same matter without objection).

Error has been preserved in regards to Appellant’s statement that he had to “report” tomorrow; however, the trial court did not err in overruling Appellant’s objection.  Officer Williams was dispatched to an accident scene and asked Appellant questions relevant to his accident investigation.  Appellant was not the subject of a custodial interrogation and therefore 
Miranda
 warnings were not necessary.  
See Berkemer v. McCarty
, 468 U.S. 420, 440, 104 S. Ct. 3138, 3150 (1984) (holding that a person subjected to custodial interrogation is entitled to the procedural safeguards of 
Miranda
, but also holding that a traffic stop does not constitute custody for 
Miranda
 purposes); 
State v. Stevenson
, 958 S.W.2d 824, 829 (Tex. Crim. App. 1997) (concluding that even if driver involved in accident had become focus of DWI investigation, that fact alone would not give rise to custody); 
Lewis v. State
, 72 S.W.3d 704, 712 (Tex. App.—Fort Worth 2002, pet. ref’d) (holding that driver’s statement that he had consumed “about five beers” to officer investigating accident was admissible because driver was not in custody).  Since Appellant was not in custody for 
Miranda
 purposes when he made this statement to Officer Williams, the trial court did not abuse its discretion in overruling Appellant’s request that the statement be redacted from the videotape.  Thus, appellate counsel’s potential issue regarding the admissibility of the statement is overruled.

Second, appellate counsel complains that the videotapes were admitted into evidence over trial counsel’s objection that the proper foundation had not been laid.  The videotapes were admitted through the testimony of Officer Williams, who was present when the videotapes were made and was a witness to the events depicted on the videotapes.  Officer Williams testified that the videotapes were a true and accurate copy of what occurred on the day of the offense, that they were the same videos that were made that day, and that there had not been any changes or deletions made from the videos.  When the State asked that the videotapes be admitted for the record, Appellant objected “that the proper foundation has not been laid for this.”  Appellate counsel argues this was an objection to a lack of proper predicate regarding authentication; however this was not specified in the objection in the trial court.  An objection to the admission of evidence must be reasonably specific so as to apprise the court of its legal basis.  
Tex. R. App. P.
 33.1(a).  A mere predicate objection, without more, is insufficient to preserve error.  
Cartwright v. State
, 807 S.W.2d 654, 656 (Tex. App.—Beaumont 1991), 
aff’d
, 833 S.W.2d 134 (Tex. Crim. App. 1992).  Furthermore, Appellant did not specify to the trial court how the predicate was deficient.  
See Bird v. State
, 692 S.W.2d 65, 70 (Tex. Crim. App. 1985) (holding that counsel must inform the court just how the predicate is deficient).  Appellant’s objection was too general to apprise the trial court of his specific complaint.  Therefore, appellate counsel’s potential issue is overruled.

In his next potential issue, appellate counsel complains of the trial court’s sustaining the State’s objection to the impeachment of its witness, James Garcia.  Appellant sought permission to impeach Garcia on convictions for a prior theft from 1987, a prior DWI from 1990, and a failure to identify in 1990.  Appellant did alert the court that the witness had received deferred adjudication for the theft, which had been completed.  The State objected on the basis that the convictions were more than ten years old, they were more prejudicial than probative, and they were not crimes of moral turpitude.  Since the witness had completed deferred adjudication for the theft, it is not a conviction for purposes of impeachment.  
See
 
Tex. R. Evid.
 609(a); 
Jones v. State
, 843 S.W.2d 487, 496 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 1035 (1993).  Because the other convictions were more than ten years old, the trial court did not abuse its discretion in sustaining the State’s objection.  
See
 
Tex. R. Evid.
 609(b).  Appellate counsel’s potential issue is overruled.

Appellate counsel’s next potential issue complains that the record of Appellant’s truck registration was improperly admitted into evidence over his hearsay objection.  The State offered into evidence a copy of the vehicle registration of Appellant’s truck from the Texas Department of Transportation.  The trial court overruled Appellant’s hearsay objection.

Rule 803(8) provides an exception to hearsay for records of public offices or agencies, which set forth “the activities of the office or agency.”  
Tex. R. Evid.
 803(8)(A).  Because this registration was from a public agency charged with the duty of maintaining vehicle registration records, the trial court did not abuse its discretion in admitting the record into evidence over Appellant’s hearsay objection.  Thus, appellate counsel’s potential issue is overruled.

Appellate counsel’s final potential issue involves a statement made during trial by Corporal Haley.  Corporal Haley testified that before Appellant was arrested, Officer Williams spoke with him about the situation.  Corporal Haley asked Officer Williams if he “could place [Appellant] behind the wheel.”  The State then inquired, “And by placing behind the wheel, do you mean by admission or if there’s an accident, or what do you mean?”  Appellant objected that this called for speculation, but was overruled.  Because it is clear from the record that the State was asking Corporal Haley to clarify what he meant by the statement he had just made, he was not being called to speculate.  This complaint is without merit.  Appellate counsel’s potential issue is overruled.

C. Punishment

At the punishment hearing, Appellant pleaded true to the habitual offender notice paragraph in the indictment.  The trial judge accepted the plea of true and found that the allegations in the habitual offender notice paragraph included two prior offenses for DWI.  Appellant did not put on any evidence at punishment.  The trial judge sentenced Appellant to twenty-five years’ confinement, which was within the permissible statutory range.  
See
 
Tex. Penal Code Ann.
 §§ 12.42(d), 49.09(b)(2) (Vernon Supp. 2004-05).  Our review of the record reveals no reversible error from the punishment phase.

V. 
The Pro Se Brief

In his pro se brief Appellant complains in two issues that he was denied effective assistance of counsel both at trial and on appeal.  We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Appellant must show that his counsel's performance was deficient; second, Appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, Appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

Appellant’s complaints regarding ineffective assistance of trial counsel are based on what his trial counsel allegedly failed to do.  In one instance, Appellant complains that his trial counsel failed to object during voir dire to the mention of Appellant’s two prior convictions.  The prosecutor, in discussing the elements of felony DWI, stated that the State was required to prove two prior convictions in order to confer jurisdiction on the trial court.  Because the prior convictions are jurisdictional elements that must be proven to obtain a conviction for the offense of felony DWI, they were the legitimate subject of voir dire.  
See Hollen v. State
, 117 S.W.3d 798, 801-02 (Tex. Crim. App. 2003).  Thus, Appellant’s counsel was not ineffective for failing to object.

In regards to Appellant’s other complaints, he did not file a motion for new trial on the basis of ineffective assistance of counsel, which would have afforded the trial court the opportunity to conduct a hearing as to these alleged failures.  As such, the record is not sufficiently developed to allow us to do more than speculate as to the strategies of Appellant’s trial counsel.  
See Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Thus, we cannot determine on this appeal whether Appellant was denied effective assistance of counsel.  
See Foster v. State
, No. 07-03-0377-CR, 2004 WL 1987351, at *2 (Tex. App.—Amarillo, Aug. 30, 2004, no pet.) (holding that in the absence of direct evidence in the record of counsel’s reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can be imagined).  Appellant has a more appropriate remedy in seeking a writ of habeas corpus to allow him the opportunity to develop evidence to support his complaints.  Thus, Appellant’s complaint that he was denied effective assistance of trial counsel is overruled.

Appellant also complains that he was denied effective assistance of appellate counsel.  Appellant’s complaints seem to be directed at his appellate counsel’s 
Anders
 brief.  Appellant complains that his appellate counsel has taken an adversarial position to him and also that he failed to assert ineffective assistance of trial counsel in the 
Anders
 brief.

Although Appellant has a right to counsel, his right does not include the right to have an attorney urge frivolous or unmeritorious claims.
  Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351-52 (1988)
.  Appellate counsel has provided a professional evaluation of the record and has demonstrated why there are no arguable grounds to be advanced.  
Currie v. State
, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974).  Appellate counsel has also certified that he has provided Appellant with a copy of the 
Anders
 brief, his Motion to Withdraw, and has informed Appellant of his right to file a pro se brief and to obtain a copy of the record.  
See
 
Sowels v. State, 
45 S.W.3d 690, 693 (Tex. App.—Waco 2001, no pet.) (describing the three “educational” burdens counsel must meet to render effective assistance of counsel).  Additionally, we held that Appellant’s contention that he was denied effective assistance of trial counsel is not developed by the record.  Therefore, it was not a meritorious claim to be pursued on direct appeal.  
See Mallett v. State
, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (holding that in the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions).  Thus, we hold that Appellant has been afforded effective assistance of appellate counsel.  Accordingly, Appellant’s complaints that he was denied effective assistance of appellate counsel are overruled.

VI. 
Conclusion

Our independent review of the record compels us to agree with counsel’s determination that any appeal in this case would be frivolous.  Therefore, we grant counsel’s motion to withdraw on appeal.  Furthermore, we overrule Appellant’s issues, as well as the five objections attached to his reply brief, and affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 24, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant has also filed a motion seeking a copy of State’s Exhibits 7 and 8, which consist of the videotape evidence, for the “purpose of fairness of this appeal.”  We have viewed the videotapes and conclude that they do not include anything that would aid Appellant in his appeal.  Appellant’s complaints based on objections to the videotapes made at trial are addressed in this opinion.  Therefore, we deny Appellant’s motion.

3:
Although Garcia testified that there was no one else around the pickup truck, Appellant would like us to construe one line of testimony as evidence that someone else was in the pickup truck with him.  Specifically, to the question, “Was there anyone else in the truck besides the defendant?” Garcia replied, “Just one person.”  We cannot accept Appellant’s argument that this single statement “raises the spector [sic] of another possible driver.”  It is clear to us that Garcia was stating that there was only one person in the pickup truck.  Further, there was no evidence raised at any point that there was anyone besides Appellant in the pickup truck.  We therefore reject Appellant’s argument.