Michael Duane TURNER, Appellant,

v.

The STATE of Texas, State.

No. 2–93–113–CR.

Court of Appeals of Texas, Fort Worth.

June 7, 1994.

Abe Factor, Lollar, Phillips, Factor & Blanco, P.C., Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty.; Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section; Francine Y. Lyles, Asst. Dist. Atty. Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant Michael Duane Turner was convicted by the court of the offense of driving while intoxicated. *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*–1 (Vernon Supp.1994). The court assessed punishment at thirty days in jail probated for two years and a fine of $250. On appeal Turner raises one point of error contending the evidence is insufficient to support the conviction.

We affirm.

On June 14, 1991, at exactly 4:20 a.m., the City of Grapevine experienced a power outage. Within two minutes, two police patrol vehicles came upon a single car accident where the car had hit a power pole. Officer Murray testified that he was the second patrol officer on the scene, and that appellant Turner was standing next to the car, talking to Officer McCormick when he arrived. The pole that the car hit was about thirty feet from the public street. One hundred seventy feet of skid marks led from the street to the car. There was fresh damage to the car, the engine was still hot and steaming, and "[i]t was spewing stuff out of the hood." The cause of the power outage was a damaged transformer at a power pole one-eighth mile

away on the same road and in the direction from which Turner had just driven. The police officers did not see any other people in the vicinity of the accident. The area around the accident scene is vacant and open. Officer Murray conducted field sobriety tests both at the accident scene and at the police station. The latter tests were videotaped. Turner failed several of the tests, both at the accident scene and at the station. Officer Murray described Turner's speech as soft and slurred, and his eyes as bloodshot, glassy and watery. Turner had the smell of alcohol on his breath. The officers recorded information about the damaged vehicle on an accident report, but the record does not include the report, and there was no testimony about the ownership of the car.

Turner made several statements to the police officers at the accident scene. Turner identified himself, and stated that he was driving the car on State Highway 26 when a pickup truck travelling in the same direction ran him off the road.

■■■ In his sole point of error Turner contends that the evidence is insufficient to support the verdict and judgment of conviction. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g), *overruled on other grounds, Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evi-

dence or believe that the defense evidence "outweighs" the State's evidence. *See Urbano v. State,* 837 S.W.2d 114, 115 (Tex.Crim. App.1992); *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Urbano,* 837 S.W.2d at 115–16; *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991). The standard for review is the same for direct and circumstantial evidence cases. *Geesa,* 820 S.W.2d at 158–62.

■■■ The corpus delicti of drunken driving is the (1) driving of a motor vehicle (2) on a public highway (3) while intoxicated. *Threet v. State,* 157 Tex.Crim. 497, 250 S.W.2d 200, 200 (1952); *Hanson v. State,* 781 S.W.2d 445, 446 (Tex.App.—Fort Worth 1989, pet. granted), *abated per curiam,* 790 S.W.2d 646 (Tex.Crim.App.1990). The State may not establish the corpus delicti solely with the defendant's extrajudicial admission. *Threet,* 250 S.W.2d at 200; *Hanson,* 781 S.W.2d at 446. However, proof of the corpus delicti need not be made independent of an extrajudicial admission. If there is some evidence corroborating the admission, the admission may be used to aid in the establishment of the corpus delicti. *Self v. State,* 513 S.W.2d 832, 835 (Tex.Crim.App.1974); *Folk v. State,* 797 S.W.2d 141, 144 (Tex.App.— Austin 1990, pet. ref'd) (per curiam). The corroborating evidence is sufficient if it permits a rational finding of guilt, beyond a reasonable doubt, when joined with the extrajudicial admission. *Fruechte v. State,* 166 Tex.Crim. 496, 316 S.W.2d 418, 419 (1958).

■■■ Turner argues that there is no evidence, other than the extrajudicial admission made to the police officers at the scene, that he drove the vehicle involved in the accident. We disagree. Turner was found standing next to the vehicle just a minute or two after a power outage in the city. The power outage was caused by damage to a transformer which was in the path of travel of the vehicle. Steam was spewing out from under the hood of the vehicle, indicating that the accident had just happened. The accident occurred late at night, and no other possible drivers

were seen in the area. This case can be distinguished from *Hanson v. State,* where we held that the mere fact that the defendant was standing next to the car was not sufficient evidence to establish that she drove the vehicle. In *Hanson* there was no evidence indicating that the car had been driven just moments earlier, as there is in this case. We hold that there is sufficient evidence corroborating Turner's extrajudicial admission that he drove the car.

Turner further argues that there is no evidence that the vehicle in question was a "motor vehicle." Officer Murray referred to the vehicle as a car during his testimony. This testimony is sufficient to establish that the vehicle involved in the accident was a motor vehicle. *See Chamberlain v. State,* 163 Tex.Crim. 529, 294 S.W.2d 719, 720 (1956). Turner's sole point of error is overruled.

The judgment of the trial court is affirmed.