Lewis v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-341-CR

LARRY LEWIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Larry Lewis appeals from his conviction for driving while intoxicated.  We will affirm.

The parties are familiar with the facts of this case, and the applicable law is well-settled.

In his first and second points, appellant contends that the evidence is insufficient to support his conviction because his extrajudicial confession that he was driving the vehicle in question while intoxicated is uncorroborated.

The State cannot rely solely on appellant’s own extrajudicial confession to establish the 
corpus delecti 
of the offense; it must present some evidence to corroborate the confession.  
Turner v. State
, 877 S.W.2d 513, 515 (Tex. App.—Fort Worth 1994, no pet.).  However, proof of the 
corpus delecti 
does not have to be made independent of the extrajudicial admission. 
 
Id.
  To be sufficient, the corroborating evidence need only permit a rational finding of guilt beyond a reasonable doubt when considered in conjunction with the extra-judicial confession.  
Fruechte v. State
, 166 Tex. Crim. 496, 316 S.W.2d 418, 419 (1958); 
Turner
, 877 S.W.2d at 515.

Appellant was arrested following a two-car collision between a car driven by appellant and one driven by Antonio Rodriguez.  The passenger in Rodriguez’s car, Mario Nunez, testified that no one other than appellant had been in the other vehicle and that the driver of the other vehicle had remained on the scene until the investigating police officers arrived.  One of the police officers who arrived at the scene testified that Nunez had identified appellant at the scene as the driver of the other car.  Combined with appellant’s admission at the scene that he drove the vehicle, this evidence is sufficient for a jury to find beyond a reasonable doubt that appellant drove the vehicle involved in the accident while intoxicated.
(footnote: 2) 
 See Perez v. State
, 432 S.W.2d 954, 954-55 (Tex. Crim. App. 1968); 
Rios v. State
, 398 S.W.2d 281, 282 (Tex. Crim. App. 1966); 
Thomas v. State
, 162 Tex. Crim. 268, 283 S.W.2d 933, 933-34 (1955).  Points one and two are overruled.

In his third point, appellant contends that the trial court erred in failing to conduct a hearing on his pro se motion for new trial before it was overruled by operation of law.  Appellant’s assertions that the verdict was contrary to the law and the evidence, and that the evidence is insufficient, do not raise any issues that could not be determined from the record.
  See King v. State
, 29 S.W.3d 556, 568-69 (Tex. Crim. App. 2000).  Therefore, it was not an abuse of discretion for the trial court not to conduct a hearing on appellant’s motion for new trial.  
See Reyes v. State
, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993).  We overrule appellant’s third point.

In his fourth point, appellant contends that he was denied effective assistance of counsel and requests that this cause be abated so that counsel can assist him in filing a second motion for new trial.  This is the equivalent of a request for an out-of-time motion for new trial.  
Pettway v. State
, 4 S.W.3d 390, 391 (Tex. App.—Houston [1
st
 Dist.] 1999, no pet.).  Appellant, however, has not shown good cause to suspend the Rules of Appellate Procedure and allow an out-of-time motion for new trial.  
See id.
; 
Bowler v. State
, 822 S.W.2d 334, 335 (Tex. App.—San Antonio 1992, pet. ref’d).  Appellant may raise the issue of ineffective assistance of counsel in a postconviction writ of habeas corpus.  
See Mitchell v. State, 
68 S.W.3d 640, 642 (Tex. Crim. App. 2002); 
Lopez v. State
, 80 S.W.3d 624, 630 (Tex. App.—Fort Worth 2002), 
aff’d
, 108 S.W.3d 293 (Tex. Crim. App. 2003).  We overrule appellant’s fourth point.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 31, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant also contends that the hospital records from his medical treatment after the accident cannot be used to corroborate his confession because the State did not prove that appellant was the same “Larry Lewis” as the one in the records.  We need not reach this issue because we have found that other evidence in the record is sufficient to corroborate the confession.