COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-341-CR
 
LARRY LEWIS                                                                       APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Larry Lewis appeals from his conviction for driving while intoxicated. We 
will affirm. 
        The parties are familiar with the facts of this case, and the applicable law 
is well-settled. 
        In his first and second points, appellant contends that the evidence is 
insufficient to support his conviction because his extrajudicial confession that 
he was driving the vehicle in question while intoxicated is uncorroborated. 
        The State cannot rely solely on appellant’s own extrajudicial confession 
to establish the corpus delecti of the offense; it must present some evidence 
to corroborate the confession. Turner v. State, 877 S.W.2d 513, 515 (Tex. 
App.—Fort Worth 1994, no pet.). However, proof of the corpus delecti does 
not have to be made independent of the extrajudicial admission. Id. To be 
sufficient, the corroborating evidence need only permit a rational finding of guilt 
beyond a reasonable doubt when considered in conjunction with the extra-judicial confession. Fruechte v. State, 166 Tex. Crim. 496, 316 S.W.2d 418, 
419 (1958); Turner, 877 S.W.2d at 515. 
        Appellant was arrested following a two-car collision between a car driven 
by appellant and one driven by Antonio Rodriguez. The passenger in 
Rodriguez’s car, Mario Nunez, testified that no one other than appellant had 
been in the other vehicle and that the driver of the other vehicle had remained 
on the scene until the investigating police officers arrived. One of the police 
officers who arrived at the scene testified that Nunez had identified appellant 
at the scene as the driver of the other car. Combined with appellant’s 
admission at the scene that he drove the vehicle, this evidence is sufficient for 
a jury to find beyond a reasonable doubt that appellant drove the vehicle 
involved in the accident while intoxicated. 
 

 See Perez v. State, 432 S.W.2d 
954, 954-55 (Tex. Crim. App. 1968); Rios v. State, 398 S.W.2d 281, 282
(Tex. Crim. App. 1966); Thomas v. State, 162 Tex. Crim. 268, 283 S.W.2d
933, 933-34 (1955). Points one and two are overruled.
        In his third point, appellant contends that the trial court erred in failing to 
conduct a hearing on his pro se motion for new trial before it was overruled by 
operation of law. Appellant’s assertions that the verdict was contrary to the 
law and the evidence, and that the evidence is insufficient, do not raise any 
issues that could not be determined from the record. See King v. State, 29 
S.W.3d 556, 568-69 (Tex. Crim. App. 2000). Therefore, it was not an abuse 
of discretion for the trial court not to conduct a hearing on appellant’s motion 
for new trial. See Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 
1993). We overrule appellant’s third point. 
        In his fourth point, appellant contends that he was denied effective 
assistance of counsel and requests that this cause be abated so that counsel 
can assist him in filing a second motion for new trial. This is the equivalent of 
a request for an out-of-time motion for new trial. Pettway v. State, 4 S.W.3d 
390, 391 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Appellant, however, 
has not shown good cause to suspend the Rules of Appellate Procedure and 
allow an out-of-time motion for new trial. See id.; Bowler v. State, 822 S.W.2d 
334, 335 (Tex. App.—San Antonio 1992, pet. ref’d). Appellant may raise the 
issue of ineffective assistance of counsel in a postconviction writ of habeas 
corpus. See Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); 
Lopez v. State, 80 S.W.3d 624, 630 (Tex. App.—Fort Worth 2002), aff’d, 108 
S.W.3d 293 (Tex. Crim. App. 2003). We overrule appellant’s fourth point. 
        Having overruled all of appellant’s points, we affirm the trial court’s 
judgment.
 
 
                                                                  JOHN CAYCE 
                                                                  CHIEF JUSTICE 
 
PANEL A:   CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 31, 2003