COURT OF APPEALS













COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

RICHARD CADENA,                                          )

                                                                              )              
No.  08-05-00158-CR

Appellant,                          )

                                                                              )                     Appeal from the

v.                                                                           )

                                                                              )                 
168th District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of El Paso County, Texas

Appellee.                           )

                                                                              )                
(TC# 20040D02265)

                                                                              )

 

 

O
P I N I ON

 

Richard Cadena
appeals his conviction for felony driving while intoxicated.  The jury found Appellant guilty of the
offense and the trial court assessed punishment at 10 years= imprisonment, probated to 10 years= of community supervision.  In two issues, he challenges the legal and
factual sufficiency of the evidence to sustain his conviction and contends the
trial court erred in allowing the State to present testimony regarding oral
statements made by Appellant after his arrest. 
We affirm.








On April 10, 2004,
El Paso Police Officer Richard Orozco responded to a dispatch for a two-vehicle
accident occurring around the 10700 block of Rushing and Seguin. 
When he arrived, he saw two vehicles in the parking lot of the
convenience store at that location.  One
was a Gray Refrigeration truck and the other was an SUV.  Officer Orozco identified Appellant as the
driver of the Gray Refrigeration truck. 
Other people at the scene were Sheila Frye, her husband and children,
and Appellant=s
wife.  Sheila Frye and the other people
standing by were pointing towards Appellant. 
Ms. Frye was distraught and very concerned.  That was when Officer Orozco observed
Appellant.  Appellant was leaning up
against his vehicle, next to his driver=s
side door swaying back and forth. 
Appellant looked like he could not stand on his own and appeared to be
intoxicated.  Appellant=s eyes were Aglossy.@ 
Officer Orozco smelled a strong odor of alcohol coming from Appellant=s person and observed that Appellant=s speech was slurred.  Officer Orozco asked Appellant if he was
okay.  In response, Appellant stated, A[d]ude, just got involved in a car
accident.  I=ve
had a few beers.  I only live a few
blocks away from here.  Don=t call the cops.@  Officer Orozco was wearing his police uniform
at the time.

After talking to
Appellant, Officer Orozco believed he was highly intoxicated by alcohol.  The officer contacted Officer Charles Walker
of the DWI task force.  At the time,
Officer Orozco noticed a woman at the scene crying and very upset.  He later learned that this woman was
Appellant=s wife.[1]  When Officer Walker arrived, he took over the
interview with Appellant and Officer Orozco began talking to Sheila Frye, who
told him what had happened.  Officer
Orozco did an accident report.  In his
testimony, Officer Orozco admitted that when he arrived at the scene he did not
know, in fact, that Appellant was driving the vehicle.  Officer Bion Bell, who arrived to assist
Officer Orozco, testified that he saw Officer Orozco in the parking lot with
the two vehicles involved in the car accident--Appellant=s
vehicle and the vehicle that he ran into. 
Officer Bell, however, conceded that he did not witness the accident.








Officer Charles
Walker testified that when he arrived at the scene, Officer Orozco was standing
with Appellant next to the open door of the refrigeration van.  Officer Walker directed Appellant to a place
in front of his patrol car so that he could ask Appellant to perform a series
of field sobriety tests.  Officer Walker
noticed that Appellant was staggering, had unsteady balance, and could hardly
stand up without stumbling.  Appellant=s speech was slurred and he had
bloodshot eyes.  Officer Walker smelled a
very strong odor of an alcoholic beverage on Appellant=s
breath.  He also noted that Appellant was
swaying and his eyes had a droopy, sleepy, groggy appearance to them.

Appellant refused
to perform the field sobriety tests. 
Officer Walker read Appellant the DIC-24 statutory warning form and then
requested a breath sample.  Appellant
refused to take the breath test, and at that time, he was arrested, handcuffed,
put into the patrol car, and taken to the police station.  At the station, Officer Walker took Appellant
to the intoxilyer room, removed the handcuffs, advised Appellant that he was in
an audio and video-recording room, and again asked Appellant to perform the
field sobriety tests.  Appellant again
refused to perform the tests.  The
videotape showed Appellant swaying, stumbling, and unable to stand in one spot.  Officer Walker described Appellant=s speech as very slow and sluggish and
he was stuttering badly.  Officer Walker
concluded the interview when Appellant began complaining of an asthma
attack.  Based on his experience and
observations, Officer Walker formed the opinion that Appellant did not have
normal use of his physical or mental faculties because of alcohol consumption.

With regard to the
vehicle at the scene, Officer Walker testified that the VIN number of the
vehicle, a 2004 E-250 white van, was 1FTN24L5YHB03483 with Texas license plate number 3MDP23.  Officer Bell recalled that he remained at the
scene until a Gray Refrigeration representative arrived and released the
vehicle to one of its employees.








Kare Waretin,
office manager and controller of Gray Refrigeration, testified that Appellant
was an employee of the company for about one year.  On the date of the alleged offense, Appellant
was working as a heating and cooling technician, a job which involved a lot of
driving.  The company=s truck number 45, with VIN number
1FTN24L5YHB03458, had been issued to Appellant during the month of April.  Ms. Waretin stated that on April 12,
Appellant came into her office and told her that he had been pulled over and
cited for DWI, but was not guilty and had refused to take the breathalyzer
test.  He told her that the police
officer thought he was intoxicated because of the medication he was currently
taking.  He did not tell her that he had
been involved in an accident.  Ms.
Waretin stated that no auto insurance claim was filed and no post-accident drug
test was done--two activities which would have been indicative of an
accident.  According to Ms. Waretin,
technicians, such as Appellant, who have a van or truck checked out to them,
are absolutely not suppose to allow other people to drive those vehicles.

In his defense,
Appellant presented evidence that he had various medical conditions, including
a speech impediment, anxiety, depression, and a herniated disk, some of which
required him to take medication.  Appellant=s wife testified that in April 2004,
Appellant was taking librim and Effexor for his anxiety; Nexium for his
heartburn; hydrocodone and Ultracet, for his back pain; and Zyrtec for his
allergies.  According to his wife,
Appellant did not take his medications on the day of his arrest.  Between 11 and 11:30 a.m., she observed
Appellant drinking a 24-ounce can of Bud Light. 
She did not see him drink anything else before he left the house at
12:30.  Defense counsel argued that the
indicators observed by the police and interpreted as being due to intoxication
were instead caused by a nervous condition and other ailments.








In Issue One,
Appellant contends that the evidence is legally and factually insufficient
because the State failed to present evidence that he operated a motor vehicle.

In reviewing the
legal sufficiency of the evidence, we must view the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson
v. Virginia, 443 U.S.
307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Hernandez v.
State, 946 S.W.2d 108, 110-11 (Tex.App.--El Paso 1997, no pet.).  We do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this was the
function of the trier of fact.  See
Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v.
State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is to determine whether if
both the explicit and implicit findings of the trier of fact are rational by
viewing all the evidence admitted at trial in the light most favorable to the
verdict.  See Adelman, 828 S.W.2d
at 421-22.  In so doing, any
inconsistencies in the evidence are resolved in favor of the verdict.  Matson, 819 S.W.2d at 843. Further,
the standard of review is the same for both direct and circumstantial evidence
cases. Earhart v. State, 823 S.W.2d 607, 616 (Tex.Crim.App. 1991); Geesa
v. State, 820 S.W.2d 154, 158 (Tex.Crim.App. 1991), overruled on other
grounds, Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App. 2000).








In reviewing the
factual sufficiency of the evidence, we must determine whether considering all
the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004).   Evidence can be factually insufficient if
the evidence supporting the verdict, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt, or contrary evidence is
so strong that guilt cannot be proven beyond a reasonable doubt.  Id.
at 484-85.  Thus, balancing all the
evidence, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met and the guilty
verdict should not stand.  Zuniga,
144 S.W.3d at 485.  This standard
acknowledges that evidence of guilt can Apreponderate@ in favor of conviction but still be
insufficient to prove the elements of the offense beyond a reasonable
doubt.  Id. 
Our evaluation, however, should not intrude upon the fact finder=s role as the sole judge of the weight
and credibility given to any witness=s
testimony.  See Cain v. State, 958
S.W.2d 404, 407 (Tex.Crim.App. 1997).  We
will not set aside the judgment unless the evidence supporting the verdict is
so weak as to be clearly wrong and manifestly unjust.  Zuniga, 144 S.W.3d at 481.  A clearly wrong and manifestly unjust verdict
occurs where the jury=s
finding Ashocks
the conscience@ or Aclearly demonstrates bias.@ 
Id.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex.Crim.App. 2003). 

Driving
While Intoxicated








A person commits
driving while intoxicated if the person is intoxicated while operating a motor
vehicle in a public place.  Tex.Pen.Code Ann. ' 49.04(a)(Vernon 2003).[2]  For this offense to be a felony, the State
must show the defendant has two prior convictions relating to the operation of,
inter alia, a motor vehicle while intoxicated.  Tex.Pen.Code
Ann. '
49.09(b)(2) (Vernon
Supp. 2006).   Appellant does not contest
the sufficiency of the evidence with regard to his intoxication.  Rather, Appellant contends the State failed
to establish that he was driving or operating a motor vehicle.  Operation is found when the totality of the
circumstances demonstrate that the defendant took action to affect the
functioning of a vehicle in a manner that would enable the vehicle=s use. 
Denton
v. State, 911 S.W.2d 388, 390 (Tex.Crim.App. 1995).  While driving involves operation, operation
does not necessarily involve driving.  Id. at 389.

As Appellant
notes, no witness testified to seeing Appellant behind the wheel at the time of
an accident.  Instead, the State
presented evidence that the police responded to a two-vehicle accident, the two
vehicles being a Gray Refrigeration van and a sports utility van.  Appellant was observed leaning up against the
Gray Refrigeration van, next to the open driver=s
side door swaying back and forth. 
Bystanders, including Sheila Frye who was distraught and very concerned,
were pointing towards Appellant when Officer Orozco arrived.  Appellant told Officer Orozco that he had
just been involved in an accident.  The
Gray Refrigeration van belonged to Appellant=s
employer.  The vehicle at the scene was
the same one issued to Appellant and no one else was supposed to be driving
it.  From these facts, the jury could
have reasonably inferred that Appellant was the driver of the refrigeration van
because he was leaning against the open driver=s
side door, the vehicle belonged to his employer and had been issued to him for
his use only, and bystanders made a non-verbal statement that was intended to
inform Officer Orozco that Appellant was at fault.  Further, the jury could have reasonably
inferred from Appellant=s
statement to Officer Orozco that he was the driver at the time of the accident
because he was the only person allowed to drive the company van, which was one
of only two vehicles involved in the accident.








With regard to
Appellant=s
statement admitting involvement in the accident, Appellant argues that the
State failed to corroborate this extrajudicial confession.  Although driving while intoxicated may not be
established solely on a defendant=s
extrajudicial confession, it can aid in establishing the commission of the
offense if there is corroborating evidence. 
Turner v. State, 877 S.W.2d 513, 515 (Tex.App.--Fort Worth 1994,
no pet.), citing Self v. State, 513 S.W.2d 832, 835
(Tex.Crim.App. 1974).  Thus, in order to
be sufficient evidence to sustain a conviction, the extrajudicial confession
must be corroborated by other evidence tending to show that a crime was
committed.  See Chambers v. State,
866 S.W.2d 9, 15 (Tex.Crim.App. 1993). 
All that is required is that there be some evidence which makes the
commission of the offense more probable than it would be without the
evidence.  See id. at 15-6; Gribble
v. State, 808 S.W.2d 65, 70 (Tex.Crim.App. 1990).  Here, there was evidence that the vehicle at
the scene was the vehicle issued to Appellant, which only Appellant was
supposed to be driving.  This is some
evidence that sufficiently corroborates Appellant=s
extrajudicial statement.

Considering
Appellant=s
statement that he was just involved in an accident, along with other
circumstantial evidence presented, we find that the evidence was sufficient for
any rational trier of fact to find beyond a reasonable doubt that Appellant was
driving or operating a motor vehicle while intoxicated.  Viewing the evidence in a neutral light, we
conclude that the evidence was not too weak to support the guilty finding
beyond a reasonable doubt.  Because the
evidence is both legally and factually sufficient and Appellant=s extrajudicial confession was
sufficiently corroborated, we overrule Issue One.








In his second
issue, Appellant argues that the trial court erred in allowing the State to
present testimony regarding Appellant=s
oral statements made on videotape, even though the trial court had previously
suppressed the audio portion of the tape because of its poor quality.[3]

We review a trial
court=s ruling
to admit or exclude evidence under an abuse of discretion standard.  Sauceda v. State, 129 S.W.3d 116, 120
(Tex.Crim.App. 2004); Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1991)(Opin. on reh=g).  An abuse of discretion exists when the trial
court=s
decision was so clearly wrong as to lie outside the zone of reasonable
disagreement, in other words, the trial court=s
decision or action was arbitrary, unreasonable, and made without reference to
any guiding rules or principles.  Montgomery, 810
S.W.2d at 391.

On
cross-examination, defense counsel attacked Officer Walker=s credibility concerning his ability to
determine that someone had been drinking an alcoholic beverage by smell.  During his testimony, Officer Walker conceded
that non-alcoholic beverages like O=Doul=s have an odor similar to beer.  Officer Walker testified that he believed
Appellant had had a beverage that contained alcohol, but admitted that he could
not tell from the smell when somebody has had a drink.  Officer Walker also admitted that he did not
ask Appellant if he had any medical condition or impairment that would prevent
him from successfully completing the sobriety tests.








After the
cross-examination, the State prosecutor sought to elicit testimony about
particular statements made by Appellant to Officer Walker during the videotaped
interview, notwithstanding the suppression of the audio track of the videotape
at a pretrial hearing.  The State
prosecutor argued that Appellant=s
statements--that he had four beers and that he was not under a doctor=s care and his only medication
condition was an injured finger--should be admitted to correct the false
impression created by defense counsel in its cross-examination of Officer
Walker.  The trial court allowed the
State to ask Officer Walker questions about these statements.  Before the jury, Officer Walker testified
that during the interview, he found out that Appellant had beer, specifically
Appellant told him that he had four beers that were Bud.  Officer Walker also stated that Appellant
mentioned having an injured finger and when Officer Walker had asked him
whether or not he was under a doctor=s
care, Appellant had said no.

Rule 107 of the
Texas Rules of Evidence permits the introduction of otherwise inadmissible
evidence when that evidence is necessary to fully and fairly explain a matter Aopened up@
by the adverse party.  See Tex.R.Evid. 107; Credille v. State,
925 S.W.2d 112, 116 (Tex.App.--Houston [14th Dist.] 1996, pet. ref=d); see also Sherman v. State, 20 S.W.3d 96, 101
(Tex.App.--Texarkana 2000, no pet.)(evidence used to fully explain a matter
introduced by the other party need not ordinarily be admissible).








The record shows
that Appellant attempted to impeach Officer Walker=s
credibility as to basis for his opinion that Appellant had been drinking an
alcoholic beverage and for his failure to ask Appellant about any medical
condition or impairment that would affect the field sobriety tests.  See Tex.R.Evid.
607 (credibility of a witness may be attacked by any party).  Notwithstanding the inadmissibility of the
audio portion of the videotape, the State was entitled to rehabilitate the
credibility of Officer Walker=s
testimony by showing that Appellant had told the officer that he had four beers
and had told him that he was not under a doctor=s
care and had no medical condition other than an injured finger--evidence that
was on the same subject and was necessary to make the conversations fully
understood.  See Sauceda, 129
S.W.3d at 123; Credille, 925 S.W.2d at 116.  Because counsel=s
cross-examination of Officer Walker as to his knowledge of Appellant=s alcohol consumption and existing
medical conditions created the possibility of confusion and false impressions
with the jury, the trial court did not abuse its discretion in admitting the
specific statements made by Appellant during the interview.  Issue Two is overruled.

We affirm the
trial court=s
judgment.

 

 

 

October
5, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

Barajas, C.J., Not Participating

 

(Do Not Publish)











[1]
Appellant=s wife
arrived at the scene sometime after the accident.





[2]
Intoxication is established by proof of either a blood alcohol concentration
greater than .08 or more or the loss of normal use of mental and physical
faculties due to the introduction of alcohol, a controlled substance, a drug, a
dangerous drug, a combination of two or more of those substances, or any other
substance into the body.  See Tex.Pen.Code Ann. ' 49.01(2).   Appellant was charged with intoxication by
not having the normal use of his mental and physical faculties.





[3]
At the suppression hearing, the trial court found that Appellant received the
required warnings prior to making his oral statements at the police station and
that his subsequent statements were freely and voluntarily given.  Nevertheless, the trial court suppressed the
audio portion of the videotape because the voices of the officer and Appellant
were not clearly identifiable on the audio track.