NUMBER 13-11-00038-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

GEORGE LARRY HARVEY,                                                                  Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 221st
District Court

of Montgomery County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

            A jury found appellant,
George Larry Harvey, guilty of the third-degree felony offense of driving while
intoxicated (DWI).  See Tex.
Penal Code Ann. §§ 49.04 (West 2003), 49.09(b)(2) (West Supp. 2010). 
The jury found two enhancement paragraphs “true” and sentenced appellant to
life imprisonment.  See id. § 12.42(d) (West Supp. 2010).  By two
issues, appellant contends:  (1) the evidence was insufficient to establish the
corpus delicti of the DWI offense, i.e., that he was the person
operating the motor vehicle; and (2) the evidence was legally insufficient to
support his conviction.  We affirm.

I. 
Background[1]

A.  State’s Evidence

1.  Robert Layman

            Robert Layman, an officer with the
Montgomery County Sheriff’s Office, was the first officer to arrive at the
scene of a two-car accident in the New Caney area of Montgomery County, Texas. 
Appellant was sitting on the back tailgate of his pickup truck.  Appellant’s
speech was “extremely slurred,” and Officer Layman had difficulty understanding
him.  When Officer Layman approached him, appellant said he “was ready to go to
jail.”  On cross-examination, Officer Layman stated that he identified the
driver of the other vehicle and secured the scene.  Officer Layman was at the
end of his shift; other officers arrived to conduct the investigation. 

2.  Brian Ihnen

            Brian Ihnen, a trooper with the Texas
Department of Public Safety, testified that when he arrived at the scene, he
spoke to the other officers.  He also spoke to Ronald Penny, a passenger in the
vehicle that struck appellant’s truck.  Penny said his wife, later identified
as Wanda Medford, was driving; appellant pulled out of a driveway, and
Medford’s vehicle struck appellant’s truck.  Penny told Trooper Ihnen that
appellant appeared to be intoxicated.  Trooper Ihnen interviewed appellant but
had difficulty understanding him because his speech was “slurred and mumbly.” 
Appellant told Trooper Ihnen that he was backing out of his driveway and
“[s]omebody hit [his] ass.”  Trooper Ihnen asked appellant to submit to field
sobriety tests because appellant’s speech was slurred, he was unsteady on his
feet, and his breath smelled of alchohol.  Appellant told Trooper Ihnen he had
been drinking “everything” for three days.  Appellant said he did not want to
perform a field sobriety test because his knees hurt and he was too old. 
Appellant told Trooper Ihnen that his speech was slurred because he had a neck
injury.  He also told Trooper Ihnen that he knew he was going to jail. 
Appellant was arrested for driving while intoxicated.  Appellant refused to
take a breath test.  After conducting field sobriety tests on Medford, Trooper
Ihnen also arrested her for driving while intoxicated. 

            On cross-examination,
Trooper Ihnen said that although he did not conduct field sobriety tests on
Penny, he believed Penny was intoxicated.  Trooper Ihnen also testified that
Penny gave several versions of events and was trying to shift blame for the
accident away from himself and Medford.

            On re-direct, Trooper
Ihnen said that he concluded that appellant was driving the truck because:  (1)
appellant stated that he was backing out of the driveway when he was hit; (2)
appellant stayed on the scene with his truck; and (3) the truck was registered
to appellant.  

3.  Ronald Penny 

            Penny testified that as he and his
wife rounded a corner, a vehicle appeared “out of nowhere” in the middle of the
highway.  Penny testified that the truck did not have its lights on.  According
to Penny, appellant had three passengers in the truck when it was hit, but when
the collision occurred, they jumped out of the truck and ran.  Penny saw
appellant exit the truck from the driver’s side.  Penny said when he approached
appellant after the accident, appellant kept saying he was sorry.  Penny
testified that appellant appeared to be “drunk” because he was “[s]taggering
around incoherent.”  Penny stated that Medford had been drinking but “was
driving fine.”  Penny said he was not intoxicated the night of the accident
because he does not drink.  

            On cross-examination,
Penny admitted that he initially told the officers that his son was driving the
vehicle; he then changed his story and said that Medford was driving.  Penny
stated he was not driving because his license had been suspended.  Penny
testified that appellant and three other passengers were all in the front seat
of appellant’s truck when the collision occurred.  Because the passenger side
was “bashed in,” all of the occupants exited from the driver’s side of the
truck.  When Penny approached the truck after the collision, three of the
passengers “took off running” and only appellant remained.  Penny stated that
he did not see appellant driving the truck and could not say “for sure” that he
was driving.  

4.  Joseph Sclider 

            Joseph Sclider, a lieutenant in the
communications division of the Montgomery County Sheriff’s Office, identified
State’s Exhibit 4, a DVD of the 911 call related to the accident, and State’s
Exhibit 5, the 911 dispatcher’s call notes related to the accident. 

B.  Defense Evidence

            After the State rested and prior to
the presentation of testimony by defense witnesses, the trial court permitted
appellant to present a voice exemplar, by which appellant read several
paragraphs from the court’s rules governing courtroom conduct.  1.  Elizabeth
Swindle

            Elizabeth Swindle has
known appellant through mutual friends for about six years.  His speech has
always been slurred, and she sometimes has difficulty understanding him. 
Swindle attended a barbeque held at the home of appellant’s next-door
neighbor.  Appellant was at the barbeque in the afternoon and evening.  Swindle
testified that appellant drank “[n]o more than three or four” beers throughout
the day and evening.  Swindle did not think appellant appeared to be
intoxicated.  Swindle saw appellant pull out of the driveway.  Appellant’s
truck was parked in the driveway with the front of the truck facing the street;
he pulled out slowly, but the truck hit a pothole next to the driveway and
stalled in the middle of the road.  Swindle did not see the collision but heard
a “huge crash.”  Swindle did not see appellant exit the vehicle but saw him
sitting on the tailgate after the collision.  Appellant appeared to be “dazed”
after the accident. 

            On cross-examination,
Swindle testified that she knew approximately how many beers appellant consumed
at the barbecue because she sat next to him and brought him beer from the
cooler because he could not get up and walk to the cooler.  Swindle stated that
even when appellant is in his normal non-intoxicated state, he “has trouble
walking” and his speech is “slurry and jumbly.”  Swindle did not see appellant
in the driver’s seat the night of the accident but did see the truck leave the
driveway.  Swindle has never seen appellant drive.  Generally, he relies on
others to drive him places.  Swindle drives him to the grocery store on a
regular basis.  

2.  Bradley Henderson

            Bradley Henderson testified that he
has known appellant for twenty-five years and has been his next-door neighbor
for five years.  Henderson stated that after appellant suffered a neck injury,
his speech has been slurred and it is difficult to understand him.  Appellant
also has difficulty standing for long periods and moves “like an old man.”  He
testified that appellant does not drive.  Appellant’s truck was in Henderson’s
driveway because they had used appellant’s truck to jump-start the battery in
Henderson’s truck.  Henderson saw appellant drink “two or three beers” at the
barbeque.  Appellant did not appear to be intoxicated.  Henderson did not
witness the accident.  He saw appellant sitting on the back of the truck after
the accident.  

3.  Larry Chmiel

            Larry Chmiel testified that he lives
next door to appellant and has known him for approximately eighteen years.  According
to Chmiel, appellant is hard to understand and is not very physically fit. 
Appellant gets around using a riding lawn mower.  Chmiel did not see the
collision but heard the crash and ran out to check on appellant.  Chmiel stated
that appellant was conscious but was unable to respond.  Before the accident,
Chmiel saw appellant around 11:30 p.m., and he did not appear intoxicated. 
Chmiel heard appellant’s truck leaving and heard it stall.  The back window of
appellant’s truck shattered as a result of the collision.  

            On cross-examination,
Chmiel testified that appellant does not drive.  When Chmiel approached
appellant’s truck after the accident, appellant was in the driver’s seat of the
truck.  

4.  Nancy Rector 

            Rector testified that appellant is her
younger brother.  In 1995, he slashed his own throat with a razor blade.  Since
that injury, it is difficult to understand him and his speech has not
improved.  Rector takes appellant to doctor’s appointments because he does not
drive.  Appellant had surgery on one of his knees.  

II.
Corpus Delicti

            By his
first issue, appellant contends that the evidence was insufficient to establish
the corpus delicti of the DWI offense, i.e., that he was the
person driving the truck at the time of the accident.  

            The rule
of corpus delicti requires that some evidence exist outside of an extra-judicial
confession which, considered alone or in connection with the confession, shows
that the crime actually occurred.  Salazar v. State, 86 S.W.3d 640, 644–45
(Tex. Crim. App. 2002).  While the State may not rely solely on the defendant's
own extrajudicial confession to establish the corpus delicti of the
offense, it need only present some evidence to corroborate the confession and
the confession itself may be used to aid in the establishment of the corpus
delicti.  Zavala v. State, 89 S.W.3d 134, 137 (Tex. App.—Corpus
Christi 2002, no pet.); Turner v. State, 877 S.W.2d 513, 515 (Tex. App.—Fort
Worth 1994, no pet.).  To be sufficient, the corroborating evidence need only
permit a rational finding of guilt beyond a reasonable doubt when considered in
conjunction with the extrajudicial confession.  Turner, 877 S.W.2d at
515.  The corpus delicti of driving while intoxicated is that someone
drove or operated a motor vehicle in a public place while intoxicated.  Zavala,
89 S.W.3d at 137 (citing Threet v. State, 250 S.W.2d 200, 200 (Tex.
Crim. App. 1952)).  

            Appellant
argues that “there is simply no evidence to corroborate his alleged
extra-judicial confessions to the corpus delicti of operating the
vehicle at the time of the accident.”  We disagree.  

            While
neither of the investigating officers saw appellant driving the truck, there
was other corroborating evidence from which the jury could draw a reasonable
inference that appellant was the driver.  See Laster v. State, 275
S.W.3d 512, 522–23 (Tex. Crim. App. 2009) (holding a factfinder may draw
reasonable inferences from the evidence and choose which inference is most
reasonable).  Based on
the corroborating evidence consisting of appellant’s presence at the scene, the
fact that appellant was the registered owner of the truck and testimony that he
was the owner of the truck, evidence that appellant told Penny he was sorry after
the accident, and Chmiel’s testimony that he saw appellant in the driver’s seat
immediately after the accident, the jury could rationally find, beyond a
reasonable doubt, that appellant was the driver of the truck at the time of the
accident.  See Zavala, 89 S.W.3d at 137 (finding evidence that defendant
was purchasing and had taken possession of the vehicle was sufficient
corroboration of his extrajudicial confession); Folk v. State, 797
S.W.2d 141, 144 (Tex. App.—Austin 1990, pet. ref’d) (finding evidence that
wrecked vehicle was registered to a person with whom the defendant lived was
sufficient to corroborate his admission that he was driving the vehicle); Fancher
v. State, 319 S.W.2d 707, 708 (Tex. Crim. App. 1958) (holding that
defendant’s presence at scene of accident and ownership of vehicle were
sufficient to corroborate extrajudicial confession).  We conclude that the
corroborating evidence was sufficient to establish that appellant was the
person operating the truck at the time of the accident.  We overrule
appellant’s first issue.

III.
Legal Sufficiency

            By his
second issue, appellant contends the evidence is legally insufficient to
support his DWI conviction.  Specifically, he challenges the sufficiency of the
evidence to establish that he was the person operating the truck at the time of
the accident.

            The court
of criminal appeals has held that there is “no meaningful distinction between
the Jackson v. Virginia legal sufficiency standard and the Clewis factual-sufficiency
standard” and that the Jackson standard “is the only standard that a
reviewing court should apply in determining whether the evidence is sufficient
to support each element of a criminal offense that the State is required to
prove beyond a reasonable doubt.”  Brooks v. State, 323 S.W.3d 893,
902–03, 912 (Tex. Crim. App. 2010) (plurality op.) (citing Jackson v.
Virginia, 443 U.S. 307, 319 (1979)).  Accordingly, we review claims of
evidentiary sufficiency under “a rigorous and proper application of the Jackson
standard of review.”  Id. at 906–07, 912.  Under the Jackson standard,
“the relevant question is whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.”  Jackson,
443 U.S. at 319; see Brooks, 323 S.W.3d at 898–99 (characterizing the Jackson
standard as:  “Considering all of the evidence in the light most favorable
to the verdict, was a jury rationally justified in finding guilt beyond a reasonable
doubt”).

            We
measure the legal sufficiency of the evidence by the elements of the offense as
defined by a hypothetically correct jury charge.  Coleman v. State, 131
S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref’d) (citing Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  “Such a charge [is]
one that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict
the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried.”  Villarreal v. State, 286
S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting Malik, 953 S.W.2d at
240).  

            A person
commits the offense of driving while intoxicated if (1) the person (2) is
intoxicated (3) while operating a motor vehicle (4) in a public place.  Tex. Penal Code Ann. 49.04(a). 
Appellant challenges the sufficiency of the evidence establishing the first and
third elements:  that he was the person that was operating the truck at the
time of the accident.  

            No
witnesses testified that they saw appellant operating the truck at the time of
the accident.  However, the following evidence established that appellant was
operating the truck when the accident occurred:  (1) Trooper Ihnen’s testimony that
appellant said he was backing out of his driveway and “[s]omebody hit [his]
ass”; (2) Trooper Ihnen concluded appellant was the operator of the truck
because of appellant’s statement, the fact that appellant stayed at the scene
with the truck, and the truck was registered to appellant; (3) Penny’s
testimony that immediately after the accident, appellant said he was sorry; and
(4) Chmiel’s testimony that when he approached the truck immediately after the
accident, appellant was sitting in the driver’s seat.  “Circumstantial evidence
is as probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  We hold that the
evidence is legally sufficient to show that appellant was operating the truck
at the time of the accident.  We overrule his second issue. 

IV.
Conclusion

            We affirm the trial
court’s judgment. 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

29th
day of August, 2011.









[1]
This case is before the Court on transfer from the Ninth Court of Appeals in
Beaumont pursuant to an order issued by the Supreme Court of Texas.  See Tex. Gov’t Code Ann. § 73.001 (West
2005).