

# NUMBER 13-11-00038-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **GEORGE LARRY HARVEY,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

## On appeal from the 221st District Court of Montgomery County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

A jury found appellant, George Larry Harvey, guilty of the third-degree felony offense of driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. §§ 49.04 (West 2003), 49.09(b)(2) (West Supp. 2010). The jury found two enhancement paragraphs "true" and sentenced appellant to life imprisonment. *See id.* § 12.42(d) (West Supp. 2010). By two issues, appellant contends: (1) the evidence was insufficient to establish the *corpus delicti* of the DWI offense, i.e., that he was the person operating the motor

vehicle; and (2) the evidence was legally insufficient to support his conviction. We affirm.

## I. BACKGROUND[1]

### A. State's Evidence

### 1. Robert Layman

Robert Layman, an officer with the Montgomery County Sheriff's Office, was the first officer to arrive at the scene of a two-car accident in the New Caney area of Montgomery County, Texas. Appellant was sitting on the back tailgate of his pickup truck. Appellant's speech was "extremely slurred," and Officer Layman had difficulty understanding him. When Officer Layman approached him, appellant said he "was ready to go to jail." On cross-examination, Officer Layman stated that he identified the driver of the other vehicle and secured the scene. Officer Layman was at the end of his shift; other officers arrived to conduct the investigation.

### 2. Brian Ihnen

Brian Ihnen, a trooper with the Texas Department of Public Safety, testified that when he arrived at the scene, he spoke to the other officers. He also spoke to Ronald Penny, a passenger in the vehicle that struck appellant's truck. Penny said his wife, later identified as Wanda Medford, was driving; appellant pulled out of a driveway, and Medford's vehicle struck appellant's truck. Penny told Trooper Ihnen that appellant appeared to be intoxicated. Trooper Ihnen interviewed appellant but had difficulty understanding him because his speech was "slurred and mumbly." Appellant told Trooper Ihnen that he was backing out of his driveway and "[s]omebody hit [his] ass."

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Trooper Ihnen asked appellant to submit to field sobriety tests because appellant's speech was slurred, he was unsteady on his feet, and his breath smelled of alchohol. Appellant told Trooper Ihnen he had been drinking "everything" for three days. Appellant said he did not want to perform a field sobriety test because his knees hurt and he was too old. Appellant told Trooper Ihnen that his speech was slurred because he had a neck injury. He also told Trooper Ihnen that he knew he was going to jail. Appellant was arrested for driving while intoxicated. Appellant refused to take a breath test. After conducting field sobriety tests on Medford, Trooper Ihnen also arrested her for driving while intoxicated.

On cross-examination, Trooper Ihnen said that although he did not conduct field sobriety tests on Penny, he believed Penny was intoxicated. Trooper Ihnen also testified that Penny gave several versions of events and was trying to shift blame for the accident away from himself and Medford.

On re-direct, Trooper Ihnen said that he concluded that appellant was driving the truck because: (1) appellant stated that he was backing out of the driveway when he was hit; (2) appellant stayed on the scene with his truck; and (3) the truck was registered to appellant.

### 3. Ronald Penny

Penny testified that as he and his wife rounded a corner, a vehicle appeared "out of nowhere" in the middle of the highway. Penny testified that the truck did not have its lights on. According to Penny, appellant had three passengers in the truck when it was hit, but when the collision occurred, they jumped out of the truck and ran. Penny saw appellant exit the truck from the driver's side. Penny said when he approached appellant after the accident, appellant kept saying he was sorry. Penny testified that

3

appellant appeared to be "drunk" because he was "[s]taggering around incoherent." Penny stated that Medford had been drinking but "was driving fine." Penny said he was not intoxicated the night of the accident because he does not drink.

On cross-examination, Penny admitted that he initially told the officers that his son was driving the vehicle; he then changed his story and said that Medford was driving. Penny stated he was not driving because his license had been suspended. Penny testified that appellant and three other passengers were all in the front seat of appellant's truck when the collision occurred. Because the passenger side was "bashed in," all of the occupants exited from the driver's side of the truck. When Penny approached the truck after the collision, three of the passengers "took off running" and only appellant remained. Penny stated that he did not see appellant driving the truck and could not say "for sure" that he was driving.

### 4. Joseph Sclider

Joseph Sclider, a lieutenant in the communications division of the Montgomery County Sheriff's Office, identified State's Exhibit 4, a DVD of the 911 call related to the accident, and State's Exhibit 5, the 911 dispatcher's call notes related to the accident.

### B. Defense Evidence

After the State rested and prior to the presentation of testimony by defense witnesses, the trial court permitted appellant to present a voice exemplar, by which appellant read several paragraphs from the court's rules governing courtroom conduct.

### 1. Elizabeth Swindle

Elizabeth Swindle has known appellant through mutual friends for about six years. His speech has always been slurred, and she sometimes has difficulty understanding him. Swindle attended a barbeque held at the home of appellant's next-

4

door neighbor. Appellant was at the barbeque in the afternoon and evening. Swindle testified that appellant drank "[n]o more than three or four" beers throughout the day and evening. Swindle did not think appellant appeared to be intoxicated. Swindle saw appellant pull out of the driveway. Appellant's truck was parked in the driveway with the front of the truck facing the street; he pulled out slowly, but the truck hit a pothole next to the driveway and stalled in the middle of the road. Swindle did not see the collision but heard a "huge crash." Swindle did not see appellant exit the vehicle but saw him sitting on the tailgate after the collision. Appellant appeared to be "dazed" after the accident.

On cross-examination, Swindle testified that she knew approximately how many beers appellant consumed at the barbecue because she sat next to him and brought him beer from the cooler because he could not get up and walk to the cooler. Swindle stated that even when appellant is in his normal non-intoxicated state, he "has trouble walking" and his speech is "slurry and jumbly." Swindle did not see appellant in the driver's seat the night of the accident but did see the truck leave the driveway. Swindle has never seen appellant drive. Generally, he relies on others to drive him places. Swindle drives him to the grocery store on a regular basis.

## 2. Bradley Henderson

Bradley Henderson testified that he has known appellant for twenty-five years and has been his next-door neighbor for five years. Henderson stated that after appellant suffered a neck injury, his speech has been slurred and it is difficult to understand him. Appellant also has difficulty standing for long periods and moves "like an old man." He testified that appellant does not drive. Appellant's truck was in Henderson's driveway because they had used appellant's truck to jump-start the battery in Henderson's truck. Henderson saw appellant drink "two or three beers" at the

5

barbeque.  Appellant did not appear to be intoxicated.  Henderson did not witness the accident.  He saw appellant sitting on the back of the truck after the accident.

### 3.  Larry Chmiel

Larry Chmiel testified that he lives next door to appellant and has known him for approximately eighteen years.  According to Chmiel, appellant is hard to understand and is not very physically fit.  Appellant gets around using a riding lawn mower.  Chmiel did not see the collision but heard the crash and ran out to check on appellant.  Chmiel stated that appellant was conscious but was unable to respond.  Before the accident, Chmiel saw appellant around 11:30 p.m., and he did not appear intoxicated.  Chmiel heard appellant's truck leaving and heard it stall.  The back window of appellant's truck shattered as a result of the collision.

On cross-examination, Chmiel testified that appellant does not drive.  When Chmiel approached appellant's truck after the accident, appellant was in the driver's seat of the truck.

### 4.  Nancy Rector

Rector testified that appellant is her younger brother.  In 1995, he slashed his own throat with a razor blade.  Since that injury, it is difficult to understand him and his speech has not improved.  Rector takes appellant to doctor's appointments because he does not drive.  Appellant had surgery on one of his knees.

**II. CORPUS DELICTI**

By his first issue, appellant contends that the evidence was insufficient to establish the *corpus delicti* of the DWI offense, i.e., that he was the person driving the truck at the time of the accident.

The rule of *corpus delicti* requires that some evidence exist outside of an extra-judicial confession which, considered alone or in connection with the confession, shows that the crime actually occurred. *Salazar v. State*, 86 S.W.3d 640, 644–45 (Tex. Crim. App. 2002). While the State may not rely solely on the defendant's own extrajudicial confession to establish the *corpus delicti* of the offense, it need only present some evidence to corroborate the confession and the confession itself may be used to aid in the establishment of the *corpus delicti*. *Zavala v. State*, 89 S.W.3d 134, 137 (Tex. App.—Corpus Christi 2002, no pet.); *Turner v. State*, 877 S.W.2d 513, 515 (Tex. App.—Fort Worth 1994, no pet.). To be sufficient, the corroborating evidence need only permit a rational finding of guilt beyond a reasonable doubt when considered in conjunction with the extrajudicial confession. *Turner*, 877 S.W.2d at 515. The *corpus delicti* of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated. *Zavala*, 89 S.W.3d at 137 (citing *Threet v. State*, 250 S.W.2d 200, 200 (Tex. Crim. App. 1952)).

Appellant argues that "there is simply no evidence to corroborate his alleged extra-judicial confessions to the *corpus delicti* of operating the vehicle at the time of the accident." We disagree.

While neither of the investigating officers saw appellant driving the truck, there was other corroborating evidence from which the jury could draw a reasonable inference that appellant was the driver. *See Laster v. State*, 275 S.W.3d 512, 522–23 (Tex. Crim. App. 2009) (holding a factfinder may draw reasonable inferences from the evidence and choose which inference is most reasonable). Based on the corroborating evidence consisting of appellant's presence at the scene, the fact that appellant was the registered owner of the truck and testimony that he was the owner of the truck,

7

evidence that appellant told Penny he was sorry after the accident, and Chmiel's testimony that he saw appellant in the driver's seat immediately after the accident, the jury could rationally find, beyond a reasonable doubt, that appellant was the driver of the truck at the time of the accident. *See Zavala*, 89 S.W.3d at 137 (finding evidence that defendant was purchasing and had taken possession of the vehicle was sufficient corroboration of his extrajudicial confession); *Folk v. State*, 797 S.W.2d 141, 144 (Tex. App.—Austin 1990, pet. ref'd) (finding evidence that wrecked vehicle was registered to a person with whom the defendant lived was sufficient to corroborate his admission that he was driving the vehicle); *Fancher v. State*, 319 S.W.2d 707, 708 (Tex. Crim. App. 1958) (holding that defendant's presence at scene of accident and ownership of vehicle were sufficient to corroborate extrajudicial confession). We conclude that the corroborating evidence was sufficient to establish that appellant was the person operating the truck at the time of the accident. We overrule appellant's first issue.

### III. Legal Sufficiency

By his second issue, appellant contends the evidence is legally insufficient to support his DWI conviction. Specifically, he challenges the sufficiency of the evidence to establish that he was the person operating the truck at the time of the accident.

The court of criminal appeals has held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual-sufficiency standard" and that the *Jackson* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 902–03, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Accordingly,

8

we review claims of evidentiary sufficiency under "a rigorous and proper application of the *Jackson* standard of review." *Id.* at 906–07, 912. Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *see Brooks*, 323 S.W.3d at 898–99 (characterizing the *Jackson* standard as: "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt").

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

A person commits the offense of driving while intoxicated if (1) the person (2) is intoxicated (3) while operating a motor vehicle (4) in a public place. TEX. PENAL CODE ANN. 49.04(a). Appellant challenges the sufficiency of the evidence establishing the first and third elements: that he was the person that was operating the truck at the time of the accident.

No witnesses testified that they saw appellant operating the truck at the time of the accident. However, the following evidence established that appellant was operating the truck when the accident occurred: (1) Trooper Ihnen's testimony that appellant said

9

he was backing out of his driveway and "[s]omebody hit [his] ass"; (2) Trooper Ihnen concluded appellant was the operator of the truck because of appellant's statement, the fact that appellant stayed at the scene with the truck, and the truck was registered to appellant; (3) Penny's testimony that immediately after the accident, appellant said he was sorry; and (4) Chmiel's testimony that when he approached the truck immediately after the accident, appellant was sitting in the driver's seat. "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We hold that the evidence is legally sufficient to show that appellant was operating the truck at the time of the accident. We overrule his second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
29th day of August, 2011.